# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| FRANKLIN ENERGY STORAGE ONE, LLC, FRANKLIN ENERGY STORAGE TWO, LLC, FRANKLIN ENERGY STORAGE THREE LLC, FRANKLIN ENERGY STORAGE FOUR, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>PAUL KJELLANDER, KRISTINE RAPER, and ERIC ANDERSON, in their official capacity as Commissioners of the IDAHO PUBLIC UTILITIES COMMISSION,<br><br>Defendants. | Case No.: 1:18-cv-00236-REB<br><br><br>**MEMORANDUM DECISION AND ORDER RE: IDAHO POWER COMPANY'S MOTION TO INTERVENE (DKT. 7)** |

Pending is an unopposed motion to intervene filed by Idaho Power Company ("Idaho Power"). (Dkt. 7.) Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I.  BACKGROUND

Plaintiffs Franklin Energy Storage One, LLC, Franklin Energy Storage Two, LLC, Franklin Energy Storage Three, LLC, and Franklin Energy Storage Four, LLC, bring this civil action to enforce federal statutes within the Federal Power Act ("FPA") and the Public Utility Regulatory Policies Act of 1978 ("PURPA") and regulations implementing PURPA promulgated by the Federal Energy Regulatory Commission ("FERC"). FAC ¶ 21 (Dkt. 2). Plaintiffs asked FERC to bring an enforcement action against Defendants and filed this lawsuit after FERC issued a notice that it would not do so. *Id.* ¶¶ 1–3, 29–30. Because FERC declined to pursue

Plaintiffs' allegations, Plaintiffs have standing to bring their own enforcement action directly. *Id.*

¶¶ 2, 33; 16 U.S.C. § 824a-3(h)(2)(B).

In general, Plaintiffs allege that the Idaho Public Utilities Commission (the "IPUC"), through its Commissioners Defendants Paul Kjellander, Kristine Raper, and Eric Anderson, issued a series of orders that improperly classify Qualifying Facilities ("QFs") under provisions of PURPA. FAC ¶ 6 (Dkt. 2). The IPUC recognizes two types of QFs, each regulated differently. *Id.* ¶ 8. Solar and wind QFs are entitled to two-year contracts at negotiated rates, while so-called "other QFs" are entitled to twenty-year contracts and published nonnegotiable rates. *Id.*

Idaho Power petitioned the IPUC for a declaratory judgment ruling that Plaintiffs' QF projects are not "other QFs" entitled to twenty-year contracts and more favorable rates but are instead classified with solar and wind QFs that are only entitled to two-year contracts at less favorable rates. *Id.* ¶ 10. The IPUC agreed and granted Idaho Power's petition. *Id.* ¶ 12. Plaintiffs disagree with the IPUC order classifying their projects as solar and wind QFs, alleging that FERC has exclusive authority to determine whether an entity is a QF and that FERC regulations differentiate energy storage systems from the sources of energy used to charge such systems. *Id.* ¶¶ 7, 9. Plaintiffs allege that although their projects involve batteries that are energized with solar panels, the projects should be classified as "other QFs" and not wind and solar QFs. *Id.* ¶ 9. Defendants disagree, maintaining that the IPUC properly classified Plaintiffs' projects under applicable law. Answer ¶ 9 (Dkt. 4).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 24 allows intervention by right or by permission. Intervention by right under Rule 24(a)(2) requires that: "(1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest related to the property

or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); *see also* FED. R. CIV. P. 24(a)(2). In general, courts construe Rule 24(a) liberally in favor of intervention. *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). Moreover, the court's evaluation is "guided primarily by practical considerations," not technical distinctions. *Id.* Nonetheless, the "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

Where intervention as of right is unavailable, a party may still seek permissive intervention. Under Rule 24(b), "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). The Rule also requires the court to consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). As with Rule 24(a) intervention, the court should interpret the requirements broadly in favor of intervention. *United States v. Aerojet*, 606 F.3d 1142 (9th Cir. 2010).

### III.  DISCUSSION

Relevant here, Plaintiffs challenge the IPUC's grant of a petition filed by Idaho Power. FAC ¶¶ 10, 12, 56–58 (Dkt. 2). Idaho Power asserts that it has a direct interest in the outcome of this proceeding that cannot be adequately represented by any other party, because Idaho Power is the public utility that will be obligated to purchase energy from Plaintiffs' projects. Idaho Power Mot. to Intervene 2 (Dkt. 7). In this action, Plaintiffs ask this Court for declaratory and injunctive relief directing Defendants to classify energy storage QFs such as Plaintiffs' as "other QFs."

FAC ¶ 61 (Dkt. 2). Idaho Power argues that "the outcome of this lawsuit, whether it be to grant or deny Plaintiffs' requested relief, will both legally and practically affect Idaho Power because that disposition will affect the terms of the contracts that Idaho Power must enter into with Plaintiffs for the provision of energy." Idaho Power Mem. ISO Mot. to Intervene 13 (Dkt. 7-1). No party disputes this contention; likewise, no party opposes Idaho Power's motion.

Because this litigation will directly affect the terms of any contract between Idaho Power and Plaintiffs, Idaho Power has a significantly protectable interest at stake in this litigation – an interest that could be impaired if Idaho Power is not permitted to intervene. Moreover, no existing party currently speaks comprehensively to Idaho Power's interests. Although the IPUC is aligned to some extent with Idaho Power's position, it is nonetheless a state regulatory agency with the attendant responsibilities that come with its statutory mission that are inescapably different than a utility entity over which it exercises some of its regulatory powers.

Accordingly, the Court finds that Idaho Power's unopposed Motion to Intervene (Dkt. 7) is properly granted under either Rule 24(a)(2) or 24(b)(1)(B).

## IV. ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Idaho Power Company's Motion to Intervene (Dkt. 7) is **GRANTED**.

DATED:  **August 17, 2018.**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge