UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| FRANKLIN ENERGY STORAGE ONE, LLC, FRANKLIN ENERGY STORAGE TWO, LLC, FRANKLIN ENERGY STORAGE THREE LLC, FRANKLIN ENERGY STORAGE FOUR, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>PAUL KJELLANDER, KRISTINE RAPER, and ERIC ANDERSON, in their official capacity as Commissioners of the IDAHO PUBLIC UTILITIES COMMISSION,<br><br>Defendants,<br><br>and,<br><br>IDAHO POWER COMPANY,<br><br>Defendant-Intervenor. | Case No.: 1:18-cv-00236-REB<br><br><br>MEMORANDUM DECISION AND ORDER ON MOTION FOR VACATUR (DKT. 76) |

Pending is Plaintiffs' Motion for Vacatur Due to Mootness Pursuant to Fed. R. Civ. P. 60(b), and Request for Indicative Ruling Pursuant to Fed. R. Civ. P. 62.1 (Dkt. 76). Defendants and Defendant-Intervenor have each filed a Notice of Non-Opposition (Dkts. 78, 79). The Court has considered the motion and supporting filings and now enters this Memorandum Decision and Order.

## BACKGROUND

This case and its underlying controversy arose from Plaintiffs' plans to construct small power production facilities utilizing batteries to store power from renewable energy sources and then release such stored power to the power grid. The Plaintiffs certified in filings made with the

**MEMORANDUM DECISION AND ORDER – 1**

Federal Energy Regulatory Commission ("FERC") that the facilities are so-called "Qualifying Facilities," specifically "energy storage Qualifying Facilities." Under the federal Public Utility Regulatory Policies Act of 1978 (known as "PURPA"), a company producing power by Qualifying Facilities is entitled to sell that power to an electric utility (here, Defendant-Intervenor Idaho Power Company) and the electric utility is required to buy such power on contract terms set by the state's public utility commission (here, the Idaho Public Utilities Commission, or the "IPUC"). PURPA divides jurisdictional authority over such transactions between the federal agency and the state utility commissions and Plaintiffs alleged in their Complaint that the Defendant IPUC Commissioners acted outside their jurisdictional authority under PURPA by classifying Plaintiffs' facilities; that is, by effectively deciding whether such facilities were Qualifying Facilities by classifying such facilities differently than the "energy storage Qualifying Facilities" classification described in Plaintiffs' FERC filings.

In a Memorandum Decision and Order issued January 17, 2020 (Dkt. 62), the Court agreed with the Plaintiffs that the IPUC Commissioners exceeded their jurisdictional authority under PURPA and acted in violation of applicable federal law. The Court enjoined any attempt by the Commissioners to enforce the Commissioners' orders in which they acted in excess of their jurisdiction and the Court further ordered the Commissioners to comply with the rulings set out in the decision in any future proceedings of the IPUC involving Plaintiffs' energy storage facilities. A judgment (Dkt. 63) followed on January 24, 2020.

Although the precise trail of ownership of the Plaintiff entities is not described in the motion papers, a significant portion of that trail is identified – specifically, that on February 13, 2020 a company by the name of Duke Energy Renewables Solar, LLC, a subsidiary of Duke Energy Corporation ("Duke Energy Renewables") and a company named Franklin Solar LLC

**MEMORANDUM DECISION AND ORDER – 2**

"consummated a purchase and sale transaction" by which Duke Energy Renewables "acquired … all of the equity interest in Franklin Solar LLC." Parrett Decl. ¶ 2 (Dkt. 76-2).

The day after, February 14, 2020, Defendants and Defendant-Intervenor each filed a Notice of Appeal (Dkts. 66, 67).

On March 31, 2020, Plaintiffs filed their motion for vacatur, followed the next day by filings of notices of non-opposition.

As noted in the Court's January 17, 2020 decision, Plaintiffs had previously filed a "notice of Merger and Name Change and Supplemented Corporate Disclosure Statement Supplement" (Dkt. 61) indicating that "[o]n April 24, 2019, each of the Plaintiff LLCs were merged into a newly created LLC known as the Franklin Solar LLC, an ldaho limited liability company." The Court, however, continues to refer to Plaintiffs as they were constituted prior to the merger.

Consistent with Plaintiffs' representation of the merger, the business records of the Idaho Secretary of State show that the four plaintiff companies – Franklin Energy Storage One LLC, Franklin Energy Storage Two LLC, Franklin Energy Storage Three LLC, and Franklin Energy Storage Four LLC – were merged into a single entity named Franklin Solar LLC on April 24, 2019.[1] Those records also reflect a change of business mailing address for Franklin Solar LLC on February 14, 2020, from Idaho to an address in Charlotte, North Carolina, along with an annual report for Franklin Solar LLC filed on May 4, 2020 which shows, among other things, that Duke Energy Renewables Solar, LLC is the sole Member of Franklin Solar, LLC.

---

[1] The original entities and the new entity are all Idaho limited liability companies. The information concerning this merger and the information regarding Duke Energy Renewables interest in Franklin Solar LLC were found in the online business records of the Idaho Secretary of State, of which the Court takes judicial notice pursuant to F.R.E. 201(b)(2) and (c)(1).

**MEMORANDUM DECISION AND ORDER – 3**

There has been no substitution of parties, but a substitution is not required by Federal Rule of Civil Procedure 25.[2]

Plaintiffs, now under the new ownership of Duke Energy Renewables, ask that the case be dismissed and the Court's judgment in favor of Plaintiffs be vacated, for the reason that there is no longer a live case or controversy between the parties so the appellate court lacks subject matter jurisdiction to adjudicate the pending appeals. Plaintiffs state that the new owner of Franklin Solar LLC does not intend to develop the previously proposed facilities as QFs and has withdrawn each of the Forms 556 previously filed with FERC, the contents of which had described (and self-certified as Qualifying Facilities) the battery storage facilities which are at issue in this case.

These factual contentions are supported by a declaration of Robert Parrett, a managing director of Duke Energy Renewables.

## **LEGAL STANDARDS**

Upon "just terms, the court may relieve a party ... from a final judgment, order, or proceeding" if it "(5) ... is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (6). Rule 60(b) "does not particularize the factors that justify relief; [instead] it provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996) (internal citation and quotation marks omitted). Rule 60(b) is, however, applied only in "extraordinary circumstances." *Id.*

---

[2] Subsection (c) of the rule, entitled "Transfer of Interest," provides: "If an interest is transferred, the action may be continued by or against the original party unless the court , on motion, orders the transferee to be substituted in the action or joined with the original party. . . ."

**MEMORANDUM DECISION AND ORDER – 4**

As Plaintiffs note, the pending appeal in this case deprives this Court of jurisdiction to grant a motion for vacatur.  However, Plaintiffs seek "an indicative ruling under Federal Rule of Civil Procedure 62.1 that [the district court] would grant Plaintiff's vacatur motion under Federal Rule of Civil Procedure 60(b)" if the Ninth Circuit Court of Appeals were to remand for that purpose.  Rule 62.1(a) provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  Thus, this Court has the discretionary authority – but not the obligation – to grant the relief Plaintiffs seek.

If the district court states it would grant the motion or that the motion raises a substantial issue, "[t]he movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1."  Fed. R. Civ. P. 62.1(b).  The district court is not bound to grant the motion after stating that it raises a substantial issue.  Fed. R. Civ. P. 62.1 advisory committee's note to 2009 amendment.

## DISCUSSION

Plaintiffs contend that the "established practice" in similar cases is to vacate the prior decision subject to review when a case is mooted while an appeal remains pending.  There is an exception when the facts suggest "intentional mooting" by an appellant.  Plaintiffs argue there is no such intention here; rather they contend mootness exists because of actions taken independent of the case, specifically, the acquisition of Plaintiffs by Duke Energy Renewables.

It is unusual for the prevailing party at the trial level to seek dismissal and to have the judgment entered in its favor vacated, upon an allegation that there is no longer a live

**MEMORANDUM DECISION AND ORDER – 5**

controversy.  Not surprisingly, there is no opposition, for – if granted – the request for dismissal and vacatur would undo the judgment, leave undecided the controversy, and spare both the expense of an appeal and the risk of having the judgment affirmed on appeal.

But there is an additional layer of the unusual.  The successor-in-interest to the Plaintiffs, who is the entity now seeking dismissal and vacatur, is a subsidiary of Duke Energy Corporation which is one of the country's largest electric utility companies.[3]  Duke Energy Corporation (as with the Defendant-Intervenor Idaho Power Company) generally occupies the other side of the PURPA "qualifying facility" equation than that occupied by Plaintiffs at the time the lawsuit was filed, and at the time the Court issued its decision.

In evaluating these considerations, the Court finds that under Rule 62.1(a)(3) the motion raises a substantial issue.  However, the ownership change described above is a circumstance that calls for further examination on a more fully developed record.  Only after considering such a fuller record would the Court be able to say whether it would deny or grant the motion for vacatur because the facts and the argument must present an "extraordinary circumstance."

In reaching this conclusion, the Court observes that none of the cases relied upon by Plaintiffs involves a district court vacating its own judgment due to mootness that arises while an appeal is pending and without the appellate court weighing in.  *See Alvarez v. Smith*, 558 U.S. 87 (2009); *Camreta v. Greene*, 563 U.S. 692 (2011); *Funbus Systems, Inc. v. State of Cal. Public Utilities Comm'n*, 801 F.2d 1120 (9th Cir. 1986); *Dilley v. Gunn*, 64 F.3d 1365 (9th Cir. 1995);

---

[3] The company is self-described in a recent press release: "Duke Energy (NYSE: DUK), a Fortune 150 company headquartered in Charlotte, N.C., is one of the largest energy holding companies in the U.S. It employs 30,000 people and has an electric generating capacity of 51,000 megawatts through its regulated utilities, and 3,000 megawatts through its nonregulated Duke Energy Renewables unit."  *See* https://news.duke-energy.com/releases/duke-energy-to-announce-first-quarter-2020-financial-results-on-may-12, accessed May 4, 2020.

**MEMORANDUM DECISION AND ORDER – 6**

*Public Utilities Comm'n of State of Cal. v. F.E.R.C.*, 100 F.3d 1451 (9th Cir. 1996); s*ee also New York State Rifle & Pistol Association Inc. v. City of New York*, 590 U.S. \_\_\_\_ (2020) ("[A]s we stated in *Lewis* v. *Continental Bank Corp.*, 494 U.S. 472, 482-483 (1990): "Our ordinary practice in disposing of a case that has become moot on appeal is to vacate the judgment with directions to dismiss. *See, e.g., Deakins* v. *Monaghan*, 484 U.S. at 204; *United States* v. *Munsingwear, Inc.*, 340 U.S. 36, 39–40 (1950)." The Court also has found no case where a district court issued a Rule 62.1 indicative ruling saying it would grant a Rule 60(b) motion for vacatur based on mootness stemming from events occurring after the appeal is filed.

For these reasons, an indicative ruling would be imprudent. Instead, the request for a finding of mootness and vacatur is best raised with the court of appeals because the events alleged to have resulted in mootness occurred after this Court issued its decision and judgment and because the current record leaves questions about whether this case presents an "extraordinary circumstance" justifying vacatur. Obviously, if the circuit court rules that jurisdiction is lacking because of mootness and remands the matter back to this Court for further action consistent with its order of remand, then this Court will comply with that directive.

## CONCLUSION

Based on the foregoing, the Court hereby DECLINES to state that it would grant Plaintiffs' Motion for Vacatur Due to Mootness Pursuant to Fed. R. Civ. P. 60(b) (Dkt. 76). The Court does state, however, that the motion raises a substantial issue under Rule 62.1(a)(3).

**IT IS SO ORDERED**.

DATED: **May 5, 2020.**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judgep

**MEMORANDUM DECISION AND ORDER – 7**